## L. G. DEURAN v. THE STATE.

No. 13197.   Delivered November 27, 1929.
Rehearing denied February 26, 1930.
Reported in 24 S. W. (2d) 840.

The opinion states the case.

*J. F. Cunningham* and *Oliver Cunningham,* both of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, twenty years.

Appellant and deceased attended a "party" on the night of the tragedy.   Deceased was drunk and appellant was perhaps drinking. At this party they had an argument in which deceased showed con-

siderable anger and resentment towards appellant. After twelve o'clock appellant started home. Almost immediately thereafter deceased also left. It seems to be the theory of the State that appellant waited for the deceased in the street outside and shot him as he passed by. He had a bullet hole under his left armpit. It was appellant's theory that deceased overtook him and attacked him with a knife. A small penknife was found about twenty feet from the body. There was testimony that deceased was advancing upon appellant when he shot him and that appellant immediately before he shot said, "Don't cut me with that knife."

When the case was called for trial, appellant filed his third application for a continuance on account of the absence of witness McCrary, who seems to have been an eyewitness to the killing. By him appellant alleges he could prove that he heard the defendant say to deceased just before the shooting, "Don't come on me with that knife"; that the deceased continued to advance and that defendant backed away a few steps and fired one shot and that he knows that the shot entered deceased's body from the front and came out at the back. On motion for new trial appellant failed to attach any affidavit of this witness thereto. The State, however, upon hearing of said motion, introduced the testimony of this witness elicited by direct and cross-examination at an examining trial theretofore held. This contradicts that which appellant alleges he could prove by the witness, except as to the exit and entrance of the bullet. Appellant cross-examined this witness apparently on examining trial and if he could prove this fact, same does not appear from such cross-examination. Under Art. 757, C. C. P. (1925), the Court on motion for new trial may hear such facts presented either by affidavit or oral testimony as would render the error in overruling the motion for a continuance harmless. Bennett v. State, 14 S. W. (2nd) 61; Jordan v. State, 106 Tex. Crim. Rep. 661. The Court is invested with discretion in a matter of this kind under the above facts and his ruling will not be revised except where it clearly appears that he has abused same. Art. 543, Vernon's C. C. P., Note 33, where the authorities will be found collated.

We are of the opinion that the trial court's action in this particular matter was not erroneous.

Complaint is also made of proof by the State in rebuttal as to the relative size of the parties, it being shown by the State that deceased was much smaller than appellant. Where self-defense was based on an attack by the deceased with a knife, as in this case, we think the testimony was admissible. The size of the knife was proven without

objection and the size of the deceased would seem to be likewise admissible.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*

'The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

. ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant earnestly insists both in his motion and upon oral presentation thereof, that the court erred in declining to grant his application for continuance; also that the testimony does not justify the penalty inflicted. Both points have been carefully considered. It was the third application for continuance. As far as we are able to pass upon the question, practically all the material matters expected from the absent witness were in evidence from other persons. Stress was made in oral argument upon the importance of the testimony of the absent witness as showing that deceased was shot in front, and not in the back. As we understand it the testimony showed beyond much controversy that deceased was in fact shot from the side, the ball entering a little to the rear of the left armpit and being found lodged just beneath the right shoulder blade, indicating that it went from the left side to the right. The fact that the shooting was in the dark and that the absent witness was himself some distance from the parties, and the further fact that the location and direction of the wound was testified to by apparently disinterested witnesses, does not impress us with the material value of the absent testimony to the case of the defense.

Nor are we able to agree with appellant's contention that the testimony is not sufficient. Just before appellant left the house in which he, with deceased and others, was immediately before the shooting, he asked the proprietress of the house for his pistol, which act was accompanied by some conversation between the two, and appellant left with his pistol in his hand. Defense witnesses testified to seeing appellant with the pistol in his hand as he walked to the place where the shooting occurred. The knife of deceased was found closed and shown not to be a large knife. We are not of the opinion that the verdict was so excessive as to evidence passion or prejudice on the part of the jury.

The motion for rehearing will be overruled.

*Overruled.*